COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-356-CV

  
  
ROBERT 
MITCHELL                                                                APPELLANT
 
V.
 
THE 
BURLINGTON NORTHERN AND                                           APPELLEE
SANTA 
FE RAILWAY COMPANY
 
 
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        The 
trial court granted a summary judgment for Burlington Northern and Santa Fe 
Railway Company (BNSF) and against Robert Mitchell on personal injury claims 
under the Federal Employers’ Liability Act (FELA).  Because the summary 
judgment record before us contains no evidence raising a genuine issue of 
material fact on the issue of causation, we will affirm the trial court’s 
summary judgment.
        Mitchell 
filed suit against BNSF on May 16, 2002. Mitchell alleged that he suffered 
cumulative trauma by use of various machines, machinery, tools, and equipment 
during his employment with BNSF.  Mitchell further alleged that the 
cumulative trauma resulted in carpal tunnel syndrome and back injuries.  
Thereafter, BNSF filed a no-evidence motion for summary judgment on the issue of 
causation and a traditional motion for summary judgment on statute of 
limitations grounds.  After a hearing, the trial court granted BNSF’s 
motion.
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i).  The 
motion must specifically state the elements for which there is no 
evidence.  Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 
193, 207 (Tex. 2002).  The trial court must grant the motion unless the 
nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact.  See Tex. R. 
Civ. P. 166a(i) & cmt.; S.W. Elec. Power Co. v. Grant, 73 
S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered.  Johnson, 73 S.W.3d at 
197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant 
brings forward more than a scintilla of probative evidence that raises a genuine 
issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, 
pet. denied).
        Mitchell 
contends in his sole issue that the trial court improperly granted BNSF’s 
motion for summary judgment.  BNSF responds that the trial court correctly 
granted summary judgment either because no evidence of causation exists or 
because BNSF conclusively established that Mitchell’s FELA claim is 
time-barred.[2]
        The 
record before us contains no summary judgment evidence submitted by Mitchell.[3]  Instead, Mitchell argues that the summary judgment 
evidence submitted by BNSF raises a genuine issue of material fact on whether 
BNSF’s negligence during Mitchell’s employment with BNSF caused his alleged 
injuries.  Reviewing the summary judgment evidence produced by BNSF in the 
light most favorable to Mitchell, no evidence exists on the causation element of 
Mitchell’s claim against BNSF.  Accordingly, because less than a 
scintilla of probative evidence exists raising a genuine issue of material fact 
on the causation element of Mitchell’s claim, the trial court did not err by 
granting summary judgment for BNSF.  We overrule Mitchell’s sole issue 
and affirm the trial court’s summary judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: 
May 20, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Because we affirm the trial court’s no-evidence summary judgment, we need not 
address whether summary judgment was also proper on the ground that Mitchell’s 
FELA claim is time-barred.  See Tex. R. App. P. 47.1 (stating opinion 
need only address every issue necessary to final disposition of the appeal).
3.  
In its appellee’s brief BNSF pointed out that the record contained no summary 
judgment evidence submitted by Mitchell.  However, no party supplemented 
the record.  Tex. R. App. P. 
34.5(c).  Likewise, although during oral argument the court asked what it 
should do about the lack of summary judgment evidence in the record, no party 
indicated that the record should be supplemented.  Although the burden now 
rests with the appellate court to ensure the clerk’s record is timely filed, 
an appellant maintains the responsibility for requesting a complete 
record.  See Tex. R. App. P. 34.5(a), 
(b).